## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHAWN JEREMY WAKED and THERESA
IRENE STONE,

       Plaintiffs,

vs.                                                                         No. CIV 22-0596 JB/JMR

KATHLEEN ALEXANDRIA KERR;
TIMOTHY JAMES RIVERA and JANE
TERRY,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Terry's Motion to Stay Proceedings/Execution of the Judgment and Waiver of a Supersedeas Bond, filed May 15, 2024 (Doc. 89)("Motion to Stay"); and (ii) Defendant Jane Terry's Emergency Motion to Quash Writs of Garnishment or, in the Alternative, for Temporary Stay of Execution, filed June 28, 2024 (Doc. 137)("Motion to Quash").  The Court held a hearing on July 11, 2024.  See Clerk's Minutes, filed July 11, 2024 (Doc. 164).  For the reasons stated below and on the record, see Transcript of Proceedings at 14:6-22 (Court), filed August 6, 2024 (Doc. 167)("Tr."), the Court denies the Motion to Stay and the Motion to Quash.

"'[A]s part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal.'"  Nken v. Holder, 556 U.S. 418, 421 (2009)(quoting Scripps-Howard Radio, Inc. v. FCC, 316 U.S. 4, 9-10 (1942)).  Under rule 62(a)-(b) of the Federal Rules of Civil Procedure, which permits the Court to stay execution of the judgment that the Court entered in Plaintiffs Shawn Jeremy Waked and Theresa Irene Stone's favor against Defendant Jane Terry, the Court considers a number of factors:

(1) [W]hether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  Typically, a federal litigant seeking to stay the execution of an adverse judgment while appealing the judgment must post a supersedeas bond securing the appellee's interests while the litigant pursues an appeal; a litigant may demonstrate extraordinary circumstances to waive the supersedeas bond or reduce the bond amount, and must do so using objective evidence demonstrating financial inability to post bond.  See Miami Intern. Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986); In re W.R. Grace & Co., 475 B.R. 34, 209 (D. Del. 2012)(Buckwalter, J.)("The purpose of the supersedeas bond is to 'secure[] the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.'" (quoting In re Innovative Comm'ns, 390 B.R. 184, 191 (Bankr. D. V.I. 2008)).  In some circumstances, the need for a supersedeas bond may be foregone.  See United States v. O'Callaghan, 805 F. Supp. 2d 1321, 1324-25 (M.D. Fla. 2011)(Merryday, J.)("'If a court chooses to depart from the usual requirement of a full security supersedeas bond . . . it should place the burden on the moving party to objectively demonstrate the reasons for such departure.  It is not the burden of the judgment creditor to initiate contrary proof.'" (quoting Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)("Poplar Grove"))(ellipses in United States v. O'Callaghan, not in Poplar Grove)).

Here, Defendant Jane Terry presents two affidavits which assert that she cannot post a supersedeas bond sufficient to cover the judgment while she appeals the Court's rulings against her.  See Affidavit of Jane Terry ¶¶ 1-10, at 1-2, filed May 15, 2024 (Doc. 89-1)("Aff."); Supplemental Affidavit of Jane Terry ¶¶ 1-11, at 1-2, filed June 20, 2024 (Doc. 92)("Suppl. Aff.").

She also seeks to quash writs of garnishment by which Waked and Stone seek to satisfy their judgment against Terry.

> A federal writ of garnishment is generally governed by the law of the state in which the district court sits.  *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996); Fed. R. Civ. P. 69(a) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution -- in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located . . . .").  Garnishment proceedings are "treated in all respects . . . as an original independent action" from the underlying lawsuit.  *Davis v. Chilson*, 62 P.2d 127, 130 (Ariz. 1936); *see Nat'l Exhibition Co. v. Marx*, 453 P.2d 993, 994 (Ariz. Ct. App. 1969) (stating that garnishment is an independent legal proceeding)

Mellen Inc. v. Biltmore Loan & Jewelry-Scottsdale LLC, No. CIV 16-0648, 2017 WL 6888509, at *2 (D. Ariz. November 30, 2017)(Bade, M.J.).

The Court will deny both the Motion to Stay and the Motion to Quash, because normal protections for such debtors as Terry are sufficient to protect her.  For example, she may seek relief in bankruptcy proceedings if she cannot cover the judgment while pursuing her appeal.  See Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd., 932 F. Supp. 1147, 1151 (S.D. Ind. 1996)(Barker, C.J.)("[W]e are left with the option of denying Hawk's motion and allowing Endress + Hauser to collect its judgment by seizing and selling Hawk's assets.  Hawk asks us not to do this because it would force them into bankruptcy.  However, in the words of Judge Easterbrook, there is 'no reason to treat bankruptcy as a bogeyman, as a fate worse than death.'" (quoting Olympia Equip. Leasing Co. v. W. Union Tel. Co., 786 F.2d 794, 802 (7th Cir. 1986)(Easterbrook, J., concurring)).  Terry does not adduce objective evidence sufficient to waive entirely the requirement of posting a supersedeas bond: she supplies only her own affidavits and a self-prepared chart of her assets without supporting documentation.  See Aff. ¶¶ 1-10, at 1-2; Suppl. Aff. ¶¶ 1-11, at 1-2.  Moreover, because Waked and Stone are Terry's only major creditors, no other of Terry's creditors would be harmed by her obtaining a bond.  See United States v.

O'Callaghan, 805 F. Supp. 2d at 1326 ("[T]he defendants mention no other creditor that would suffer peril from a bond, and the defendants appear completely unable to pay for interest, costs, or damages accrued during the appeal.").  The Court agrees with Waked and Stone that the absence of a supersedeas bond prejudices their ability to enforce the judgment that they won against Terry, because Terry appears to be dissipating her liquid assets.  See Plaintiffs' Response to Defendant Terry's Motion to Stay Proceedings/Execution of Judgment and Waiver of Superseas [sic] Bond (Doc. #89) at 1-3, filed June 5, 2024 (Doc. 90); Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760-61 (D.C. Cir. 1980)("In unusual circumstances . . . the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.").  Collection efforts necessarily being messy, Terry's situation is not so extraordinary as to justify the Court's stepping into to disrupt the normal processes and protections those processes offer.  For these reasons and the reasons stated on the record, see Tr. at 14:6-22 (Court), the Court denies Terry's Motion to Stay and her Motion to Quash.

     **IT IS ORDERED** that: (i) Defendant Terry's Motion to Stay Proceedings/Execution of the Judgment and Waiver of a Supersedeas Bond, filed May 15, 2024 (Doc. 89), is denied; and (ii) Defendant Jane Terry's Emergency Motion to Quash Writs of Garnishment or, in the Alternative, for Temporary Stay of Execution, filed June 28, 2024 (Doc. 137), is denied.

UNITED STATES DISTRICT JUDGE

- 4 -

*Counsel:*

Shay Elizabeth Meagle
Slingshot, LLC
Albuquerque, New Mexico

-- and --

Reagan Pratt
Paul Flack
Pratt & Flack
Houston, Texas

      *Attorneys for the Plaintiffs*

David J. Abell
Abell Law Ltd. Co.
Albuquerque, New Mexico

-- and –

Christopher T Saucedo
Saucedo Harrigan Apodaca Griesmeyer Apodaca PC
Albuquerque, New Mexico

      *Attorneys for the Defendants*